UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| TIMOTHY HASTERT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15-cv-568 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| BOYNE CITY | ) | **REPORT AND RECOMMENDATION** |
| POLICE DEPARTMENT, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil rights action brought by a *pro se* plaintiff under 42 U.S.C. § 1983. This lawsuit arises out of an April 18, 2015, traffic stop. Plaintiff alleges that when an officer asked for his license, registration, and proof of insurance, he responded by providing the officer with a "a notarized affidavit of truth for identification along with U.S. Supreme Court cases in his defense [of] his right to travel[.]" (Compl. ¶¶ 11-13, ECF No. 1, PageID.2-3). Plaintiff states that he was traveling in his "private capacity." He indicates that he eventually produced his driver's licence for identification and that he made a video recording of the traffic stop. Plaintiff alleges that as a result of his encounter with police on April 18, 2015, he received a "summons/citation" to appear at the 90th District Court at a later date. (*Id.* at ¶¶ 14-28, PageID.3-4). Shortly after plaintiff filed this lawsuit, he entered a no contest plea in 90th District Court, Case No. 2015-287-ST, to charges stemming from the April 18, 2015, incident.

Plaintiff named the Boyne City, its police department,[1] Officer Dan Mercer, and Assistant Police Chief Kevin Spate as defendants.  Plaintiff alleges that Officer Mercer and Assistant Police Chief Spate violated his Fourth Amendment rights, applicable to the state through the Fourteenth Amendment's Due Process Clause by "detain[ing] plaintiff's person without probable cause, without a warrant and without exigent circumstances." (*Id.* at ¶ 9, PageID.4-5).  Plaintiff alleges that Officer Mercer violated the "Separation of Powers" because he "should have been aware of the limitations imposed by the US Constitution . . . concerning the executive and judicial functions[.]" (*Id.* at ¶ 10, PageID.5) (citing U.S. Const. art. III, § 2).  He alleges that Assistant Police Chief Spate "should have been aware of the limitations imposed by 4th and 14th Amendment[s]" and "failed to properly train, supervise, control [or] correct the abuse and discourage the unlawful use of authority of his subordinate causing harm to the plaintiff." (Compl. ¶ 11, PageID.5).  Plaintiff alleges that the oaths of office of defendants Mercer and Spate are a matter of public record and that they should have been aware of his rights.  (*Id.* at ¶¶ 9, 13, PageID.4-6).  Plaintiff alleges that Boyne City and its police department failed to "properly train, supervise, control, correct the abuse and discourage the unlawful use of authority by its officers" and ratified the unlawful conduct of its officers by "exhibiting deliberate indifference to plaintiff's

_____

[1]The police department is not a legal entity capable of being sued.  *See Howard v. Wayne County Sheriff's Office*, 417 F. App'x 465, 467-68 (6th Cir. 2011); *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007); *see also Reid v. West*, No. 2:14-cv-334, 2015 WL 268980, at * 3 (E.D. Tenn. Jan. 21, 2015) (collecting cases).

reasonable expectations of those rights which caused plaintiff to be subjected to injury(s)." (*Id.* at ¶ 14, PageID.6).

Plaintiff asks the Court, in its discretion, to exercise supplemental jurisdiction over purported state law claims for trespass, slander, and violations of the Uniform Commercial Code and Michigan's constitution. (*Id.* at ¶¶ 9-14, PageID.4-6). Plaintiff seeks an award of damages and declaratory and injunctive relief. (*Id.* at 6-7, PageID.6-7).

On March 29, 2016, defendants filed a motion for summary judgment. (ECF No. 30). Plaintiff's response was due on or before April 29, 2016. On May 11, 2016, the Court ordered defendants to file supplemental documents and granted plaintiff an extension until June 7, 2016, to file his brief, affidavits, documents and other evidence in response to defendants' motion for summary judgment. (ECF No. 32, PageID.192). The Court expressly advised plaintiff that his pleading was not properly verified and that it would not be considered as an affidavit in opposition to defendants' motion for summary judgment. (*Id.* at 5 n.3, PageID.191). Plaintiff has elected to ignore defendants' motion for summary judgment. He has not filed a brief or presented evidence in support of his claims against defendants. For the reasons set forth herein, I recommend that defendants' motion for summary judgment be granted and that judgment be entered in defendants' favor on all plaintiff's federal claims. I recommend that the Court, in its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may

-4-

not rest on the mere allegations of his pleadings.  FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).  The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'"  *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

## Proposed Findings of Fact

The following facts are beyond genuine issue.  On April 18, 2015, Officer Dan Mercer of the Boyne City Police Department made a traffic stop on Trent Street, near Pleasant Avenue in Boyne City, Michigan.  Plaintiff was driving a 1998 Oldsmobile without insurance and the vehicle had not been registered since December 15, 2013.  Assistant Chief Kevin Spade provided assistance when plaintiff argued that he was not required to provide a license, registration, and proof of insurance.  Plaintiff received citations for operating a motor vehicle without security in violation of Mich. Comp. Laws § 500.3102 and operating an unregistered vehicle in violation of Mich. Comp. Laws § 257.215.[2]

---

[2]The events of the traffic stop were captured on audio/video recordings made by both the officers and a passenger in plaintiff's vehicle.  These recordings corroborate the officers' accounts of what occurred.  (*See* Defs' Exhibits 2-7).

Plaintiff filed this lawsuit on June 3, 2015.  (ECF No. 1).   On September 17, 2015, plaintiff received his trial on the two misdemeanor charges in the 90th District Court for the County of Charlevoix.  During the trial, plaintiff elected to plead no contest pursuant to a plea agreement.  Plaintiff entered his *nolo contendere* plea to the charge of operating an unregistered motor vehicle, and in exchange, the second charge was dropped.  (*See* ECF No. 35-2, PageID.209-73; ECF No. 35-3, PageID.276-78, 279-282; ECF No. 35-4, PageID.284).

## Discussion

Plaintiff has not presented evidence on which any reasonable trier of fact could find in favor on any federal claim asserted in his complaint against the named defendants.   The individual defendants did not violate plaintiff's Fourth and Fourteenth rights by conducting the traffic stop at issue.  *See DuBose v. Charles*, No. 2:12-cv-971, 2014 WL 2154904, at * 4 (S.D. Ohio May 22, 2014).   Plaintiff has no possible claim for violation of the "Separation of Powers" because "the doctrine of separation of powers embodied in the Federal Constitution is not mandatory on the States." *Whalen v. United States*, 445 U.S. 684, 689 n.4 (1980); *see Weaver v. Heyns*, No. 1:14-cv-776, 2014 WL 4956577, at * 5 (W.D. Mich. Oct. 2, 2014); *see also   Solly v. Mausser*, No. 2:15-cv-956, 2015 WL 6774313, at * 3 (S.D. Ohio Nov. 6, 2015).  Plaintiff has not presented evidence on which any reasonable trier of fact could find in his favor on his claims against defendants Spate and Boyne City based on purported failures to properly train, supervise, or control officers.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Plaintiff's claims

based on alleged violations of oaths of office are frivolous. *See Krajicek v. Nichols*, No. 98-1878, 1999 WL 991252, at * 2 (6th Cir. Sept. 28, 1999); *Marr v. Jones*, No. 1:07-cv-1201, 2010 WL 1997170, at * 5 (W.D. Mich. Mar. 4, 2010); *Mechler v. Hodges*, No. C-1-02-948, 2005 WL 1406102, at * 7 (S.D. Ohio June 15, 2005).  Accordingly, I recommend that defendants' motion for summary judgment be granted and that judgment be entered in defendants' favor on all plaintiff's federal claims.

Plaintiff asks the Court, in its discretion, to exercise supplemental jurisdiction over purported state law claims for trespass, slander, and violations of the Uniform Commercial Code and Michigan's constitution.  "Under 28 U.S.C. § 1367, a district court has broad discretion to decide whether to exercise jurisdiction over state law claims." *Smith v. Erie County Sheriff's Dep't*, 603 F. App'x 414, 424 (6th Cir. 2015).  "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003).

Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over a plaintiff's state-law claims.  *See* 28 U.S.C. § 1367(c)(3); *see also Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008); *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 853 (6th Cir. 2007).  There is no reason in this case to depart from the general rule.

## Recommended Disposition

For the foregoing reasons, I recommend that defendants' motion for summary judgment (ECF No. 30) be granted and that judgment be entered in defendants' favor on all plaintiff's federal claims. I recommend that the Court, in its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims.

Dated: August 12, 2016          /s/  Phillip J. Green
                                United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).